# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN KORKOSZ,

    Plaintiff,

v.

CLARK COUNTY,

    Defendant.

Case No. 2:06-CV-01123-KJD-GWF

**ORDER**

Currently before the Court is Defendant Clark County's Motion for Summary Judgment (#27) filed March 19, 2008. Plaintiff filed a Response (#32), on May 14, 2008, to which Defendant filed a Reply (#27), on June 20, 2008.

**I. Background**

Plaintiff John Korkosz, a 44 year old, white male, was hired by Clark County as a Zoning Assistant with the Planning Department in February 1995, and worked continuously with Clark County until his resignation in 2006. Koroksz avers he was subjected to various forms of discrimination and unequal treatment during the course of his employment with Clark County, in the form of repeated denials of promotional opportunities for which he maintains he was the most qualified candidate. Additionally, Plaintiff alleges that he was subject to regular and frequent acts of harassment, unequal treatment, and targeted retaliation, including the denial of promotional

opportunities by agents of the Defendant during the pendency of his NERC/EEOC proceedings and due to his engagement in previously protected activity. Specifically, Plaintiff claims that in 2005, he was denied two promotional opportunities for which he was the most qualified, when Defendant filled the positions with individuals who were younger than him. Specifically, Plaintiff appeared before an interview panel in January 2005, to interview for the position of Principal Planner with the Department of Comprehensive Planning at McCarran International Airport, however, the interview panel did not recommend any of the interview applicants for the position. Instead, the interview panel held other interviews in March, 2005, (in which Plaintiff did not participate) and ultimately, recommended the position be filled by Anthony Malloy, who was selected by the hiring authority on May 2, 2005. In June 2005, Plaintiff appeared before an interview panel to interview for the position of Principal Planner with the Department of Development Services-Major Projects. The interview panel did not select Plaintiff, but instead recommended Robert Kaminski, who was hired for the position on August 1, 2005.

Plaintiff filed a Charge of Discrimination with the NERC/EEOC on August 25, 2005. And subsequently filed his Complaint in this Court on September 9, 2006. The Complaint alleges three causes of action for: (1) Violations of Title VII of the's Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act (ADEA), and Nevada State law prohibiting discriminatory conduct (including unequal treatment and suffering an overall hostile work environment); (2) Negligent Supervision; and (3) Retaliation.

Here, Defendant seeks summary judgment on all three of Plaintiff's claims, arguing that Plaintiff fails to establish a *prima facie* case for disparate treatment under the ADEA, and even if Plaintiff could show disparate treatment, that Defendant had legitimate nondiscriminatory reasons for promoting the individuals who were hired instead of Plaintiff. Additionally, Defendant argues *inter alia* that Plaintiff cannot establish a *prima facie* case for retaliation, as Plaintiff's filing of a lawsuit in 2004 did not constitute a protected activity, and even if it did, there is no causal link between the filing of the lawsuit in November 2004, and the decisions by the Defendant not to promote Plaintiff.

Additionally, Defendant disclaims Plaintiff's hostile work environment claim, and alleges the Court lacks subject matter jurisdiction.

**II. Standard of Law for Summary Judgment**

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 248.

**III. Analysis and Discussion**

   **A. Disparate Treatment**

Defendant requests that the Court dismiss Plaintiff's disparate treatment claim arising under Title VII, as Title VII does not prohibit age-based discrimination, and Plaintiff has failed to bring a claim for discrimination based on the provisions set forth in Title VII.[1]  Here, Plaintiff has clearly established that his disparate treatment claim is based on age only, and does not object to Defendant's Title VII argument. (See Def.'s Mot. for Summ. J. Ex. 8 p. 161, 163.)  Plaintiff does however aver that he has sufficiently pled a prima facie cause of action for age discrimination under the ADEA.

The substantive provisions of the ADEA are modeled on those of Title VII.   Because of the relationship between the ADEA and Title VII, the substantive standards burdens, and organizations of proof developed under Title VII have been extended to federal claims of age-based discrimination. See Palmer v. United States, 794 F.2d 534, 537 (9th Cir. 1986) ("The criteria applied to a Title VII discrimination claim also apply to claims arising under the ADEA.").

To prove discriminatory treatment, Plaintiff must present evidence that gives rise to an inference of unlawful discrimination.  See Tex. Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981).  "That is, the plaintiff's age must have actually played a role in the employer's decision making process and had a determinative influence on the outcome." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133,141 (2000).  Plaintiff has the burden of proving that the disparate

---

[1] 42 U.S.C. § 2000e-2(a) states that "it shall be an unlawful employment practice for an employer (1) to fail or refuse to hire . . . or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or other privileges of employment, because of such individual's race, color, religion, sex, or national origin, or to classify or refer for employment any individual on the basis of his race, color, religion, sex, or national origin.

4

treatment was the result of intentional discrimination based on his protected characteristics. <u>EEOC v. Flasher Co., Inc.</u>, 986 F.2d 1312, 1314 (10th Cir. 1992).

29 U.S.C. § 623(a) states in relevant part, "It shall be unlawful for an employer . . . to fail or refuse to hire . . . or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. . . ." To establish a *prima facie* case of an ADEA violation, Plaintiff must show that he (1) belonged to a protected class; (2) was qualified for hire; (3) was rejected for employment or otherwise subjected to an adverse employment action; and (4) was replaced by a substantially younger employee with equal or inferior qualifications. See <u>Wallis v. J.R. Simplot Co.</u>, 26 F.3d 885, 891 (9th Cir. 1994). Defendant argues that Plaintiff cannot establish the fourth element of the *prima facie* case, because neither Molloy or Kaminski are sufficiently younger than Koroksz, to permit an inference of age discrimination.

Here, the Court agrees that Plaintiff has failed to establish a *prima facie* case of disparate treatment under the ADEA because neither Molloy or Kaminski are sufficiently younger than Koroksz to permit an inference of age discrimination. Plaintiff has demonstrated that he belonged to the protected class (was 40 years of age), that he was generally qualified for the positions he sought, and that he was not hired for the positions. The Court is not convinced however, that Plaintiff has sufficiently demonstrated an inference of age discrimination, because Plaintiff has not shown that he was not given the promotion, in favor of another who was substantially younger than he was.

In the age discrimination context, an inference that an employment decision is based on an illegal discriminatory criterion cannot be drawn by the replacement of one worker with another worker who is insignificantly younger. See <u>O'Conner v. Consul Coin Caterers Corp.</u>, 517 U.S. 308, 312–13 (1996). "If the replacement is only slightly younger than the plaintiff, then it is less likely that an inference of discrimination can be drawn." <u>Douglas v. Anderson</u>, 656 F.2d 528 (9th Cir.1981). The Supreme Court has held that the "fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class." <u>O'Conner v. Consul Coin Caterers Corp.</u>, 517

U.S. at 313. Though Defendant here attempts to draw an exact line of age difference that will create an inference of discrimination, the Court recognizes that such a line is not possible, nor applicable across the board. Indeed, the Ninth Circuit has held that a formula based on McDonnell Douglas must be adapted to the facts of each case, and in each case the trier must determine whether the evidence identifies age as the likely reason for the discharge. See Hagans v. Andrus, 651 F.2d 622, 624–625 (9th Cir. 1981).

Here, the Plaintiff is two years and ten months older than Mr. Molloy, and three years and eleven months older than Mr. Kaminski. Though Plaintiff, age 40 at the time of the hiring process, was a member of the protected class, and Malloy and Kaminski were not, the Court does not find the differences in age, two years and ten months, and three years and eleven months, respectively, are sufficient to create a *prima facie* inference of age discrimination under the ADEA. The age discrepancy presented here, is "very thin evidence" of age discrimination at best. Even in the light most favorable to the non-moving party, the age discrepancy here could not possibly lead reasonable jurors to draw an inference of age discrimination. O'Conner v. Consul Coin Caterers Corp., 517 U.S. at 312.

Assuming *arguendo* however, that Plaintiff had sufficiently pled a prima facie case of discrimination under the ADEA, the Court finds that Plaintiff fails to demonstrate that Defendant's proffered nondiscriminatory explanation for not hiring him was pretextual. Defendant has articulated a legitimate, nondiscriminatory reason for the adverse employment action. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Specifically, Defendant states that it follows a set procedure when seeking to fill a vacancy in one of its departments, that this procedure is fair, and was followed in both of the hiring instances Plaintiff alleges were discriminatory.

Defendant's hiring process is initiated with a Personnel Action Request (PAR) through its finance department. Once the PAR is approved, Human Resources (HR) contacts the department seeking to make the hire, and initiates the recruitment process by issuing an announcement and supplemental questionnaire. When this is completed, the position is posted. Postings usually last

two weeks, after which HR reviews all applicants and requests subject matter experts from the hiring department to score the supplemental questionnaire and applicants based on experience. Based upon the scores, HR certifies the top approximately ten candidates for interviews with a three person interview panel. HR develops an alphabetical listing of the persons certified for interviews. The department provides HR with a list of interview questions for review and creates an interview panel which usually consists of three persons. The interview panel then uses an evaluation form during the interview proceedings. After the last applicant is interviewed, the panel makes a recommendation to its department's hiring authority.[2]

Upon Defendant's showing of a nondiscriminatory reason for not hiring Plaintiff, Korkosz is required to demonstrate that the employer's proffered reason is pretextual. Plaintiff can prove prextext in one of two ways, either "(1) indirectly, by showing that the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer." Chuang v. University of Cal. Davis, Bd. of Trs., 225 F.3d 1115, 1127 (9th Cir. 2000). "Circumstantial evidence of pretext must be specific and substantial in order to survive summary judgment." Bergene v. Salt River Proj. Agr. Improv. & Power Dist., 272 F.3d 1136, 1142 (9th Cir. 2001); Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1062 (9th Cir. 2002).

**A. Principal Planner with the Department of Comprehensive Planning**

Defendant avers that Plaintiff was not hired for the position of Principal Planner with the Department of Comprehensive Planning because he was not recommended by the interview panel. Specifically, Defendant has demonstrated that of the ten applicants in Plaintiff's interview pool, none were recommended to the hiring authority. Additionally, Defendant avers that Barbara Ginoulias, the hiring authority and Director in the Department of Comprehensive Planning at the time of Plaintiff's application, never declined to accept the recommendation of the interview panel for any

---

[2]More specific details regarding Defendant's nondiscriminatory reasons for not promoting Plaintiff are listed below.

job position in her department. Additionally, Ginoulias testified that she had never heard of age being a factor in the Department of Comprehensive Planing's hiring decision. (Def.'s Mot. for Summ. J. Ex. 10, p. 8, 21–22.)

Plaintiff has alleged that Ms. Ginoulias, and Rodney Allison (a member of the interview panel, hereafter referred to as "Allison") intended to discriminate against him, yet has provided no evidence to support his allegations. Ginoulias has testified however, that she does not have any dislike for the Plaintiff, has nothing against Plaintiff, and that age was not a factor in the hiring process. (Def.'s Mot. for Summ. J. Ex. 10, p. 7–10.) When questioned regarding the interview process for the position of Principal Planner with the Department of Comprehensive Planning, Mr. Allison testified that he believed none of the applicants interviewed, including the Plaintiff, possessed the combination of leadership, teamwork, and planning skills required to perform the duties and responsibilities of the Principal Planner of the Department of Comprehensive Planning.

In rebuttal, Plaintiff has provided no evidence other than mere conclusory allegations that Allison had animus towards, and discriminated against him. Plaintiff testified that he believes Allison does not like him, but that he had "no idea" why, and had "no idea" whether Allison's alleged dislike had anything to do with Plaintiff's age. (Def.'s Mot. for Summ. J. Ex. 1 pp. 34–35.) The Court finds Plaintiff's allegations unpersuasive. "[P]urely conclusory allegations of alleged discrimination, with no concrete, relevant particulars, will not bar summary judgment." Forsberg v. Pacific Northwest Bell Tel. Co., 840 F.2d 1409, 1419 (9th Cir. 1988).

Plaintiff additionally alleges that the Defendant's hiring process "indicates a secret selection process occurs within the County at the department level", and that "this process was used to deny [him] an interview [for the Principal Planner with the Department of Comprehensive Planning position] in March, 2005." (Pl.'s Resp. at 7.) The Court finds this argument unpersuasive, as Plaintiff was given an interview for the position on January 2005. The March, 2005, interview to which Plaintiff refers was conducted by the interview panel only after the they refused to recommend any of the January interview applicants for the position. Once again, the Court finds that Plaintiff

has failed to provide any evidence to suggest that the County's hiring process, and particularly its nondiscriminatory explanation regarding its decision not to hire the Plaintiff was pretextual.

### B. Principal Planner with the Department of Development Services-Major Projects.

Defendant likewise avers that Plaintiff was not hired as the Director of Development Services-Major Projects because he was not recommended by the interview panel. Similar to the hiring authority for the Department of Comprehensive Planning, the hiring authority for the Department of Developmental Services has also never declined to accept the recommendation of the interview panel for any job position which has opened in his department. (Def.'s Mot. for Summ. J. Ex 9, p. 12)

Allison, a member of the interview panel that recommended Robert Kaminski to fill the position in the Department of Developmental Services-Major Projects, testified that Kaminski was the superior candidate because the Developmental Services Department was looking for an advanced lead Principal Planner that also had subdivision mapping experience, and that Kaminski had this experience, whereas Plaintiff did not. (Def.'s Mot. for Summ. J. Ex. 3 pp. 23, 26; Ex. 5 pp 28–30.) Additionally, Allison testified that he had no recollection that age was ever discussed in any of the interviews. (Def.'s Mot. for Summ. J. Ex. 3, pp. 30, 33.)

Again, Plaintiff has failed to present any direct evidence of unlawful discrimination, or that Defendant's nondiscriminatory explanation regarding its decision to hire the Kaminski instead of Plaintiff was pretextual.

### C. Hostile Work Environment

Plaintiff's Complaint also alleges that he suffered "an overall hostile work environment caused by the actions and conduct of agents of the Defendant". (Comp. at 3, ¶ 13.) Defendant avers that Plaintiff cannot show that the behavior which Plaintiff alleges establishes a *prima facie* hostile work environment because the conduct he allegedly suffered was not sufficiently severe or pervasive so as to alter the conditions of his employment or create an abusive work environment. See Gregory v. Widnall, 153 F.3d 1071, 1074 (9th Cir. 1998).

1  The Court has reviewed Defendant's argument, and finds it to have merit.  Specifically, when
2  questioned regarding the harassing treatment he received, Plaintiff answered that the "continual lack
3  of being given the opportunity to advance" was harassment because it "demoralized [his] sense of
4  worth and [his] ability to become more responsible in an upward mobility position".  (Def.'s Mot. for
5  Summ. J. Ex. 8, p. 165.)  Additionally, when asked to describe the hostile work environment,
6  Plaintiff testified that "it became pretty much a joke that [he] hadn't been hired for positions, and
7  [he] was laughed at every time [he] applied for a position by others."  (Id.)  The Court does not find
8  the treatment described by Plaintiff to be sufficiently severe or pervasive so as to alter the conditions
9  of his employment or create an abusive work environment.

10  Additionally, Plaintiff has failed to respond to Defendant's Motion for Summary Judgment in
11  regard to Plaintiff's claims that he suffered a hostile work environment.  Local Rule 7-2(d) allows the
12  Court to consider failure to file points and authorities in opposition as consent to the granting of the
13  motion.  Therefore, the Court grants Defendant's Motion for Summary Judgment in regard to
14  Plaintiff's hostile work environment claim.

15  **D. Retaliation**

16  To establish a *prima facie* case for retaliation, Plaintiff must show that (1) he engaged in a
17  protected activity under Title VII; (2) his employer subjected him to an adverse employment action;
18  and (3) a causal link exists between the protected activity and the adverse action.  See Porter v. Cal.
19  Dept. of Corrections, 419 F.3d 885, 894 (9th Cir. 2005).  Like an ADEA claim, when a plaintiff has
20  asserted a *prima facie* retaliation claim, the burden shifts to the defendant to articulate a legitimate
21  nondiscriminatory reason for its decision.  See id.  If the defendant articulates such a reason, the
22  plaintiff bears the ultimate burden of demonstrating that the reason was merely a pretext for a
23  discriminatory motive.  See id.

24  Here, the Court finds that although Plaintiff has established a *prima facie* case of retaliation,
25  he fails to overcome Defendant's nondiscriminatory explanation regarding the causal ink between the
26  Defendant's decision not to promote Plaintiff, and the protected activity.  To show the requisite

causal link, the plaintiff must present evidence sufficient to raise the inference that his protected activity was the likely reason for the adverse action. See Hagans v. Andrus, 651 F.2d 622, 626 (9th Cir. 1981). "Essential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity." Cohen v. Fred Meyer, Inc., 686 F.2d 793 (9th Cir. 1982) (citing Gunther v. County of Washington, 623 F.2d 1303, 1316 (9th cir. 1979).

Plaintiff alleges that Defendant refused to promote him to the positions of Principal Planner with the Department of Comprehensive Planning, and Principal Planner with the Department of Development Services-Major Projects, in retaliation for a lawsuit he filed against the County in November 2004.[3] The only causal link Korkkosz establishes between his underlying lawsuit and the County's decision not to promote him to the referenced positions is testimony suggesting that Ginoulias and the County had existing knowledge that he had filed a suit against them alleging discriminatory conduct, and the time nexus of the County's decision not to promote him, five months and eight months, respectively, following his filing of the underlying lawsuit.

As discussed above however, Defendant has articulated a legitimate nondiscriminatory reason for its decision not to hire Plaintiff. Specific to the retaliation context, Defendant has established that both hiring authorities, including Ginoulias, never declined to accept the recommendation of the interview panel, who chose to recommend both Malloy and Kaminski instead of Plaintiff. Additionally, Allison testified that at the time of the interviews he had no recollection of the Plaintiff being involved in any pending litigation. (Def.'s Mot. for Summ. J. Ex. 3 pp. 30, 33.) Plaintiff offers no additional evidence other than conclusory arguments that the Defendant's hiring process is pretextual. The Court is not persuaded by Plaintiff's allegations however, as uncorroborated and

---

[3]Specifically, in November 2004, Plaintiff filed a lawsuit against Defendant in case number 2:04-cv-1565 alleging a violation under 42 U.S.C.§ 1983, and other state law claims. Plaintiff's Complaint alleged that he had been subjected to various forms of discrimination and unequal treatment in the form of repeated denials of promotional opportunities. On July 26, 2005, the Court issued an order dismissing the complaint for failure to state a claim upon which relief could be granted.

11

self-serving testimony, does not create a genuine issue of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

### E. Neglegent Supervision

Defendant seeks that the Court dismiss Plaintiff's remaining state law claim for Negligent Supervision pursuant to 28 U.S.C. § 1367(c)(3) in the event that the Court grants its Motion for Summary Judgment as to Plaintiff's federal claims. 28 U.S.C. § 1367(c)(3) provides that, "the district courts may decline to exercise supplemental jurisdiction over a claim under subsection(a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction. . ."

Here, the Court has dismissed Plaintiff's claims for age discrimination under the ADEA, and Retaliation, leaving only Plaintiff's second cause of action, arising under Nevada state law. The Ninth Circuit has held that a district court that has dismissed federal claims, "leaving only state claims for resolution . . . should decline jurisdiction over the state claims and dismiss them without prejudice" Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041 (9th Cir. 1994) (citing Les Shockley Racing v. National Hot Rod Ass'n, 884 .2d 504, 509 (9th Cir. 1989). The Court therefore dismisses Plaintiff's remaining state law claim without prejudice.

### VI. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (#27) is **GRANTED**. Plaintiff's first and third causes of action are **DISMISSED** with prejudice, and Plaintiff's second cause of action for negligent supervision is **DISMISSED** without prejudice.

DATED this 3rd day of March 2009.

_____
Kent J. Dawson
United States District Judge